On the Merits

Defendant filed an exception of no right or cause of action in this Court but since the record as made up in no manner enlarges the pleadings there is no necessity to consider the exception apart from the merits.
The sole question involved is whether Ellis Kagan is personally bound on the note.
The note involved in these proceedings is paraphed for identification with a sale and chattel mortgage and is physically a part of the document evidencing the sale and mortgage. The document is printed on both sides of a single sheet of paper with appropriate spaces left for figures and signatures. The bill of sale appears on the face of the document followed by the note which is attached at the bottom and which is capable of being removed. The chattel mortgage is printed on the reverse of the document together with a “Personal Guaranty.”
That part of the document which evidences the sale is signed by Bohn Motor Co. as vendor. The space for the signature of the purchaser or purchasers is set up and signed as follows, (everything being printed except the signatures) :
Buyer College Corner Inc.
Signs Catherine Ann Kagan Sec-Treas.
Co-Buyer
Signs Ellis Kagan, Vice-Pres.
At the bottom of the note on the left
Buyer
side thereof appear the printed words Signs followed by a blank space for signature. At the same level on the right side of the note
Co-buyer
appear the printed words Signs followed by another blank space for signature.
The note in question is signed as follows :
Buyer College Corner Inc.
Signs Catherine Ann Kagan Sec-Treas.
Co-Buyer
Signs Ellis Kagan Vice-Pres.
The “Personal Guaranty” appearing on the reverse of the document is signed as follows:
(Guarantor) College Corner Inc. Catherine Ann Kagan Sec-Treas.
(Guarantor) Ellis Kagan Vice-Pres.
Defendant’s counsel takes the position that the document shows on its face that Ellis Kagan signed the note in his representative capacity as. vice-president of College Corner, Inc. and is therefore not liable on the note personally.
The law is set forth in LSA-R.S. 7:20 as follows:
“Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of the words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability.”
*526 Plaintiff makes no contention that Ellis ICagan was not in fact a vice-president of College Corner, Inc. (the record shows that service of process on the corporation was made on “Ellis Kagan, Vice-President”) but contends that the corporation was represented by Catherine Ann Kagan, its secretary-treasurer; that Ellis Kagan’s signature as vice-president was not necessary to bind the corporation; that he actually signed as “co-buyer”; and that the abbreviation “vice-pres” appearing after his signature is mere surplusage and should be disregarded, and that it was the intention of the parties that he bind himself personally.
There is no corporate resolution or other proof in the record showing who was authorized to represent the corporation, and the record does not disclose whether the secretary-treasurer’s signature alone was sufficient to bind the corporation or whether the signature of the vice-president was also required.
While it is true that Ellis Kagan’s signature on the sale appears on the line designated for the “co-buyer’s” signature, the space between the lines for the signatures of the buyer and the “co-buyer” is cramped and defendant argues that the only room left for the signature of the vice-president representing the corporation was on the next line. On the other hand the corporate signature on the note is completely on the left side of the note while the signature “Ellis Kagan, vice-pres.” is on the right side entirely separate from the corporation signature.
No additional light is thrown on the problem by a consideration of the signatures as they appear on the “Personal Guaranty” because the signatures appear there in exactly the same manner as they appear on the sale.
There is nothing in the record to show the intent of the parties except the document itself, and in our opinion the intent does not clearly appear therefrom.
Under the circumstances and in the interest of justice the judgment appealed from insofar as it affects Ellis Kagan, personally, is annulled, vacated, and set aside and judgment is now rendered dismissing plaintiff’s demands against Ellis Kagan, personally, as on non-suit without prejudice; costs of this appeal to be borne by plaintiff-appellee.
Judgment appealed from annulled and judgment rendered.